UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT GREEN, <br> PUBLIC SCHOOL TEACHERS, <br>       Plaintiffs, <br>       v. <br> NATIONAL FEDERATION OF HIGH SCHOOLS, <br> NATIONAL SCHOOL BOARD ASSOCIATION, <br> NATIONAL ASSOCIATION OF STATE BOARDS OF EDUCATION, <br>       Defendants. | Case No. 1:25-cv-01401-TWP-TAB |

**ORDER GRANTING DEFENDANT NFHS' MOTION TO DISMISS DISMISSING ALL CLAIMS AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on Defendant National Federation of State High School Associations' ("NFHS") Motion to Dismiss (Dkt. 16), and for screening of the Complaint with respect to Defendants National School Board Association and National Association of State Boards of Education (collectively "the Defendants"). On July 15, 2025, *pro se* Plaintiff Robert Green ("Green"), individually and on behalf of all "Public School Teachers," filed this action against the Defendants alleging employment-related claims under Title VII, the Equal Pay Act ("EPA"), and the Equal Protection Clause of the Fourteenth Amendment ("EPC"). For the reasons explained in this Order, NFHS' motion to dismiss is **granted**, dismissal is warranted as to the remaining defendants and this action is **dismissed with prejudice**.

I.     **LEGAL STANDARDS**

A.     **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to

dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support.").

The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**B.     Screening**

District courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). District courts must dismiss the complaint if it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id*. An action is "frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

C.   **Pro Se Litigants**

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). However, *pro se* litigants such as Green are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

## II.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Green, the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

A.   **Green's Prior Lawsuits**

Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). See *Watkins v. United States*, 854 F.3d 947, 949–51 (7th Cir.

2017) (ruling that court could take judicial notice of earlier state-court complaint and thereby dismiss based on an affirmative defense). Under this procedural posture, the Court believes a brief discussion of Green's employment history and prior lawsuits offers helpful context for his claims in this case. Accordingly, the Court takes judicial notice that this lawsuit is the most recent in a series of school employment actions filed by Green, and relies heavily on the Seventh Circuit Court of Appeals' summary in *Green v. Illinois State Board of Education*, 849 F. App'x 593 (7th Cir. 2021).

From 1980 until his retirement in 2014, Green worked as a physical education teacher in Illinois. *Id.* at 593. Between 2007 and 2019, Green filed three lawsuits in the Northern District of Illinois against his former school district, alleging discrimination based on race (African American), age, and sex (male). *Id.* In the first lawsuit, Green "alleged that the school district discriminated against him by taking away his coaching position." *Id.* at 594. That case was dismissed with prejudice pursuant to a settlement agreement. Green's second lawsuit alleged "that the district fired him in 2010 and 2013 based on his race, sex, and age." *Id.* That case was likewise dismissed with prejudice pursuant to a settlement and release agreement.

"Despite the prior suits and release," in 2019, Green filed his third lawsuit, asserting two types of claims. The first type of claims alleged that the school district and its employees "did not comply with [a] 2014 subpoena because of [Green's] race, sex, and age." *Id.* The second type of claims "resurrected the earlier episodes, alleging that the district unlawfully assigned him to teach health, stripped him of his coaching role, and twice fired him." *Id.* "He also blamed the Board for allowing the district to hire non-teacher coaches and to place non-certified teachers in health classes, practices that Green says are unconstitutional." *Id.* The district court dismissed Green's third lawsuit, and the Seventh Circuit affirmed the dismissal in July 2021. *Id.* at 594.

**B.      Green's Complaint**

In his fill-in-the-blank Complaint for Employment Discrimination, Green purports to bring a class action lawsuit on behalf of all public-school teachers—and particularly women teachers—under the Equal Pay Act, the Equal Protection Clause of the Fourteenth Amendment, "29 CFR Teachers," "29 CFR Volunteers," the Fair Labor Standards Act, and "State Teachers Pension Systems Defined Benefits in the US." (Dkt. 1 at 2). Green alleges discrimination on the basis of race ("Black African American") and sex ("Women") for "failure to hire me / we teachers," "failure to promote me / we teachers," "unequal terms and conditions of my employment / and women teachers," and "continuing violations from 1990 non-faculty coach certificates." *Id.* at 4–5.

Green generally alleges a decades-long conspiracy by national educational associations to discriminate against women. He claims that historically, only certified teachers were permitted to be coaches, but in 1990, following the passage of Title IX, Defendants "created the non-faculty coaches certificates claiming the associations were facing a shortage of teacher coaches compelling them to open the door for non teachers coaches who are about 80% men non-faculty coaches in place of faculty members/teachers who are about 80% women teachers in the public schools of the United States." *Id.* at 5. Green also alleges that Defendants' "non-faculty coaches knowledge and certificate programs" fail to "include the public faculty members knowledge and coach certificates," which "violates 29 CFR Teachers 'employees employed in a bona fide professional capacity.'" *Id.* Green alleges that NFHS and the other Defendants failed to hire him and other unspecified teachers, failed to promote him and other unspecified teachers, and subjected him and other unspecified teachers to unequal terms and conditions of employment. *Id.* at 4.

Green filed a Charge of Discrimination with the Equal Employment Opportunity Commission in October 2024, in which he stated, "I am simply blowing the whistle on discriminatory practices by multiple school boards." (Dkt. 1-1 at 5). He received a Notice of Right

5

to Sue letter on April 17, 2025, and filed this lawsuit on July 15, 2025. On December 10, 2025 Defendant NFHS filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. 16). Green has not responded to the Motion, however, on January 3, 2026, he filed a letter "in preparing for the Case Management Plan," which has been docketed by the clerk as a Notice of additional parties. (Dkt. 19). Green has not perfected service with respect to Defendants National School Board Association and National Association of State Boards of Education.

C.      **NFHS Motion to Dismiss**

NFHS seeks dismissal arguing that Green's Title VII claims fail for three reasons. First, Green admitted he was not an employee of NFHS; second, Green has not alleged NFHS took any actions against him based on his race or sex; and third, "even if NFHS had employed Green and had taken actions related to his employment—neither of which is the case—Green's Title VII claims against Green would still fail because they would be barred by the statute of limitations." (Dkt. 17 at 5-7).

NFHS points out that Title VII claims can only be brought by employees, and, as a result, Green's express admission that he was not an employee of NFHS is fatal to his claims. *See, e.g., Green v. Ill. State Bd. of Educ.*, 2020 WL 3447792, *1 (N.D. Ill. June 24, 2020) (dismissing Green's Title VII claims against Illinois State Board of Education, reasoning Green "can only sue his employer or former employer"). NFHS also argues that Green's failure to allege that NFHS took any actions at all directed at him on the basis of his race or sex, requires dismissal of his Complaint. *See, e.g., Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018); *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 337 (2020) (race discrimination claims under Title VII require plaintiff to plausibly allege that race was a "motivating factor in the defendant's challenged employment decision").

6

NFHS also points out that Title VII claims must be brought within 300 days of the alleged discriminatory conduct. *Nolen v. S. Bend Public Transp. Corp.*, 99 F. Supp. 2d 953, 959–60 (N.D. Ind. 2000) (EEOC charge filing period for Indiana is 300 days); *Vazquez v. Navistar Int'l Transp.*, 2012 WL 1095223, *4 (N.D. Ind. March 30, 2012) (finding that Indiana is subject to 300-day EEOC charge filing period). Green's Complaint alleges discriminatory occurring in the 1990s, and he did not bring a charge of discrimination against NFHS until April 10, 2025. ((Dkt. 1 at 5, Dkt. 1-1 at 5–6). Because Green did not bring a charge of discrimination related to race discrimination and did not exhaust his administrative remedies, NFHS argues his claims fail as a matter of law. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, (7th Cir. 2019). NFHS is correct in all its arguments.

**D.    Dismissal of the Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, dismissal is warranted and this Court lacks jurisdiction.

As an initial matter, to the extent Green is seeking a class action lawsuit, it is well understood that a *pro se* litigant can represent only himself. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). This limitation extends to class actions. *See United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *Armstrong v. Boyland Auto BGMC LLC*, No. 24-3182, 2025 WL 1121647, at *2 (7th Cir. Apr. 16, 2025).

Green's Complaint is dismissed because it fails to state a claim upon which relief can be granted and his claims lack an arguable basis either in law or in fact. Liberally construing the allegations in the Complaint, the Court concludes that it does not have jurisdiction to adjudicate Green's claims. Green does not allege any specific claim against any specific named Defendant. Instead, he airs generalized grievances about employment practices across the nation's public school system—namely, the practice since 1990 to hire non-teachers as coaches. Green does not explain how this practice violates any of the statutes that Green cited, or has injured him (a now-retired teacher) in any way.

With respect to NFHS, Green admits in his Complaint that he was not an employee of NFHS. He has not alleged that NFHS took any actions against him based on his race or sex. The observation that a disproportionately small number of non-teacher coaches are women is not enough to allege a plausible claim. And all of Green's Title VII claims fail because they are barred by the statute of limitations.

With respect to Defendants National School Board Association and National Association of State Boards of Education, §1915(e)(2)(B) directs the court to dismiss a case "at any time" if the action fails to state a claim, is frivolous, or seeks relief from defendants who have immunity. The Court need not order service of process at government expense before completing this step as

this would defeat the purpose of screening complaints: to spare the targets of unviable lawsuits the expense of responding. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012). Green's claims are frivolous, the action fails to state a claim, therefore dismissal is warranted as to all Defendants.

E.      **Dismissal of Action With Prejudice**

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

NFHS argues that any attempt by Green to amend his claims against it would be futile. (Dkt. 17 at 13). NFHS argues that dismissal should be with prejudice because "[b]y expressly admitting NFHS was not his employer and that other state and local government actors and school administrators were responsible for decisions relating to his employment, Green pleaded away his claims against NFHS." (Dkt. at 13). The Court agrees.

This action is wholly baseless for multiple reasons. To start, it is clear that in this lawsuit, Green is improperly attempting to reanimate old discrimination claims arising from his removal as a coach and the hiring of non-teacher coaches by his former school district. This type of collateral attack on the Northern District of Illinois' (and the Seventh Circuit's) dismissal of those

9

claims is not permitted. More generally, Green plainly does not, and cannot, assert any timely, viable discrimination claim on behalf of himself or other public school teachers, since he retired eleven years ago and (because he is a man) has never faced discrimination on the basis of being a woman. Further, Green cannot use the three named defendants as stand-ins for the unnamed "multiple school boards" Green claims to be "blowing the whistle on."

This action is entirely frivolous, and based on its analysis of Green's filings in this case and his three Illinois actions, the Court finds that further opportunities to amend would be futile. Accordingly, this action is **dismissed with prejudice**.

### III.  CONCLUSION

For the reasons explained in this Order, Defendant National Federation of State High School Associations' Motion to Dismiss, Dkt. [16] is **GRANTED**. Having screened the Complaint with respect to Defendants National School Board Association and National Association of State Boards of Education, the Court determines that **DISMISSAL** of all claims against them is warranted. Having determined that leave to amend the Complaint would be futile, this action is **DISMISSED with prejudice**.

Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED**.

Date:   1/6/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT GREEN
349 Ogden Falls Blvd.
Oswego, IL 60543

Kevin Roberts
Barnes & Thornburg LLP
kevin.roberts@btlaw.com

Corey Christopher Bartkus
Barnes & Thornburg LLP
CBartkus@btlaw.com